UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| EMMIT VARITIMOS,<br><br>             Plaintiff,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>             Defendant. | Civil Action No. 25-11665-PGL |

**<u>MEMORANDUM IN SUPPORT OF DEFENDANT'S PARTIAL MOTION TO DISMISS</u>**

**I.     BACKGROUND**

According to the complaint, Plaintiff Emmit Varitimos's medical implant triggered a screening alarm when he passed through security at the Norfolk Airport in Virginia. Varitimos claims that, as a result of this alarm, Transportation Security Administration (TSA) screening employees directed him to a private area and instructed him to remove his clothing twice so that they could inspect the medical implant. Varitimos asserts that, in so doing, these employees not only violated TSA policy, but also harassed, humiliated, and degraded him. He therefore seeks damages under the Federal Tort Claims Act (FTCA), asserting claims for assault, false imprisonment, intentional infliction of emotional distress (IIED), negligence, gross negligence, willful and wanton negligence, and negligent infliction of emotional distress (NIED).

As its forthcoming answer will make clear, Defendant denies all liability in this case even if some discovery and fact development may be required to fully refute certain allegations, which the Court accepts as true at the pleading stage. That said, even accepting Varitimos's allegations as true, he has failed to state a plausible claim for assault, false imprisonment, IIED, negligence, gross negligence, and NIED. Varitimos has failed to allege that TSA employees committed any act intended to cause bodily contact with him, or an imminent apprehension of such contact, as

required to state a claim for assault. He has failed to allege that TSA employees restrained his liberty without any sufficient legal cause, as required to state a claim for false imprisonment. He has failed to allege outrageous conduct and severe distress, as required to state a claim for IIED. And he has failed to allege that he suffered any physical injuries, as required to state a claim for negligence, gross negligence, and NIED. The Court should therefore dismiss these counts for failure to state a claim.

## II.    STANDARD

A court should dismiss claims under Rule 12(b)(6) when the underlying allegations fail "to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."). A court should thus dismiss a claim "if the complaint does not set forth 'factual allegations, either direct or inferential, respecting each material element necessary to sustain recovery under some actionable legal theory.'" *U.S. ex rel. Hutcheson v. Blackstone Med., Inc.*, 647 F.3d 377, 384 (1st Cir. 2011) (quoting *Gagliardi v. Sullivan*, 513 F.3d 301, 305 (1st Cir. 2008)). In reviewing a Rule 12(b)(6) motion to dismiss, a court must accept as true the "well-pleaded factual allegations." *Iqbal*, 556 U.S. at 679. However, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* at 678.

In determining whether a complaint states a claim to relief under the FTCA, courts apply the substantive "law of the place"—meaning, the State—"where the act or omission occurred." 28 U.S.C. § 1346(b); *see also FDIC v. Meyer*, 510 U.S. 471, 478 (1994) ("we have consistently held that § 1346(b)'s reference to the "law of the place" means law of the State—the source of

substantive liability under the FTCA"); *Magee v. United States*, 121 F.3d 1, 6 (1st Cir. 1997) ("To identify the applicable rule of substantive law . . . the FTCA directs us to determine the substantive law that would apply to a private individual under like circumstances in the jurisdiction where the injury occurred." (quotation marks and citation omitted)).  Varitimos claims that the allegedly tortious conduct occurred at the Norfolk Airport in Virginia.  To decide whether Varitimos has stated a claim, the Court should therefore look to the law of Virginia—"the situs state." *Magee*, 121 F.3d at 6.

**III.   ARGUMENT**

    **A.  The Court should dismiss Varitimos's claim for assault (Count 1).**

"The tort of assault consists of an act intended to cause either harmful or offensive contact with another person or apprehension of such contact, and that creates in that other person's mind a reasonable apprehension of an imminent battery." *Koffman v. Garnett*, 574 S.E.2d 258, 261 (Va. 2003).  Thus, to state a claim for assault, a plaintiff must allege—at least and among other things—that the defendant engaged in an act intended to cause *physical* contact, or the apprehension of *physical* contact, with the plaintiff.  *See id.*  The plaintiff need not allege that he was, in fact, "physically touched" by the defendant.  *Etherton v. Doe*, 597 S.E.2d 87, 89 (Va. 2004).  But he must allege facts showing that the defendant intended to cause bodily contact or the apprehension of bodily contact.  For instance, where a plaintiff alleges only that the defendant "threaten[ed]" the plaintiff by "surveilling, following, and taking pictures and videos of" the plaintiff in private places, the plaintiff has failed to state a claim for assault because the plaintiff "not adequately allege[d]" that the defendant "intended to cause harmful or offensive *contact* with [the plaintiff], or apprehension of such contact." *Stover v. College of William & Mary in Virginia*, 635 F. Supp. 3d 429, 446 (E.D. Va. 2022) (emphasis added).

Here, Varitimos has not alleged that the TSA officers took any actions intending to cause physical contact, or the apprehension of physical contact, with his body. Varitimos claims that their actions "were intended to, and did cause him to apprehend harmful or offensive contact." Doc. No. 1 at 7 ¶ 45. But "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. Beyond this conclusory assertion, Varitimos claims that the officers "ordered [him] to partially remove his clothing" so that they could *view* his genital medical implant. Doc. No. 1 at 4 ¶ 20; *see id.* at 4 ¶ 23 ("the TSA officers informed Varitimos . . . that they would need to *see* his genital area again (emphasis added)). But he does not allege any facts showing that the officers took actions intending to cause physical contact or the apprehension of physical contact. Varitimos does not allege, for example, that the officers ever said that they would touch him or reached their hands toward him. The Court should therefore dismiss Count 1 for failure to state a claim. *See Stover*, 635 F. Supp. 3d at 446.

### B. The Court should dismiss Varitimos's claim for false imprisonment (Count 2).

"False imprisonment is the restraint of one's liberty without any sufficient legal excuse." *Lewis v. Kei*, 708 S.E.2d 884, 890 (Va. 2011). Accordingly, "[i]f the plaintiff's arrest"—or other form of restraint—"was lawful, the plaintiff cannot prevail on a claim of false imprisonment." *Id.* Here, even accepting Varitimos's allegations that TSA officers restrained his liberty, he does not plausibly allege that they lacked any sufficient legal excuse to do so. Varitimos summarily asserts that "[t]here was no sufficient legal excuse to justify the officers' restraint of [his] liberty." Doc. No. 1 at 8 ¶ 54. But, again, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. To state a claim, Varitimos needed to allege "factual content that allows the court to draw the reasonable inference that the

defendant is liable for the misconduct alleged," rather than "facts that are 'merely consistent with' a defendant's liability." *Id.* (citing *Twombly*, 550 U.S. at 557).

Varitimos has failed to allege such facts.  He claims that TSA employees "instructed him to step into a private room with three uniformed TSA officers." Doc. No. 1 at 4 ¶ 19.  But, even if that were true, "the allegations show" that the employees "had ample legal excuse" to do so. *Stewart v. Holder*, No. 16-cv-682, 2017 WL 4479612, at *8 (E.D. Va. July 19, 2017), *aff'd*, 710 F. App'x 120 (4th Cir. 2018).  Varitimos concedes that he triggered "an alert from a screening machine" when "he passed through a security checkpoint at Norfolk Airport." Doc. No. 1 at 3 ¶ 14.[1]  And he acknowledges that, under the TSA's policy "governing administration of patdowns," TSA officers may conduct pat-down screenings in a private room "[i]f there is a screening alarm." *Id.* at 3 ¶ 15.

To be sure, Varitimos claims that the TSA officers committed *additional* torts while in the private screening room after his liberty was restrained.  But he does not plausibly allege that they lacked "any sufficient legal excuse" to restrain his liberty, given that he triggered an airport security alarm.  The Court should therefore dismiss Count 2 for failure to state a claim.

**C.  The Court should dismiss Varitimos's claim for IIED (Count 3).**

To state a claim for IIED under Virginia law, a plaintiff must allege facts demonstrating that the defendant's conduct was "intentional or reckless"; the defendant's conduct was "outrageous and intolerable"; the "alleged wrongful conduct and emotional distress are causally connected"; and "the distress is severe." *Russo v. White*, 400 S.E.2d 160, 162 (Va. 1991); *see*

---

[1] Indeed, Varitimos anticipated that his implanted medical device would alarm the screening machines "because, on multiple other occasions while going through security to board flights, his implanted medical device and a skin graft on his leg have triggered TSA screening machines." Doc. No. 1 at 3 ¶ 17.

5

*Womack v. Eldridge*, 210 S.E.2d 145, 148 (Va. 1974) (recognizing four-element cause of action for IIED). "[A] plaintiff bringing a claim for [IIED] must allege all facts necessary to establish the cause of action to withstand challenge on [a motion to dismiss]." *Harris v. Kreutzer*, 624 S.E.2d 24, 33 (Va. 2006). Thus, at the motion-to-dismiss stage, "the trial court must initially determine whether the facts alleged will support" a claim for IIED. *Russo*, 400 S.E.2d at 162.

As an initial matter, Varitimos has "failed to allege facts sufficient to meet the . . . standard for outrageous and intolerable conduct." *Harris*, 624 S.E.2d at 34. To satisfy the outrageous-and-intolerable requirement, "it is insufficient for a defendant to have 'acted with an intent which is tortious or even criminal.'" *Russo*, 400 S.E.2d at 162 (citing Restatement (Second) of Torts § 46 cmt. d (1965)). Indeed, "[e]ven if a defendant 'has intended to inflict emotional distress,' or his conduct can be 'characterized by 'malice,' or a degree of aggravation which would entitle the plaintiff to punitive damages for another tort,'" the outrageous-and-intolerable requirement "has not been satisfied." *Id.* "Liability has been found only where the conduct has been so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community." *Id.*

Varitimos's allegations fall far short of the type of outrageous and intolerable conduct required to state a claim for IIED. Although Varitimos claims that TSA employees subjected him to an improper visual examination, he admits that his groin area triggered a security alarm and that he was allowed to proceed to his flight after his groin area was visually inspected. Doc. No. 1 at 3–6 ¶¶ 13, 14, 17, 19-21, 22, 27, 30. Varitimos claims that his "impression was that the TSA officers were motivated by nothing more than voyeuristic curiosity about his physiology as a transgender man," and that "one of the [employee's] faces appeared to indicate disgust while [he] viewed Varitimos's genitalia." *Id.* at 5 ¶¶ 28, 29. But, even accepted as true, such "[i]nsensitive

and demeaning conduct does not equate to outrageous behavior as set by [Virginia] caselaw." *Harris*, 624 S.E.2d at 34. As the Fourth Circuit has explained, "it is the rare case that will satisfy the outrageousness standard." *Perry v. City of Norfolk*, 194 F.3d 1305 (4th Cir. 1999).

Varitimos's IIED claim also fails for the independent reason that he has not pleaded "facts sufficient to support the severity element." *Harris*, 624 S.E.2d at 34. To satisfy this element, the plaintiff must allege facts showing that his alleged emotional distress "is so severe that no reasonable person could be expected to endure it." *Russo*, 400 S.E.2d at 163. Here, Varitimos claims that he has experienced "panic, anxiety, insomnia, and increased fear about how he might be treated in the future at airports or other TSA facilities." Doc. No. 1 at 6 ¶ 38. He further claims that he has "suffered humiliation, indignity, and physical and emotional injuries." *Id.* at 7 ¶ 47. The Supreme Court of Virginia has made clear, however, that such allegations fail to satisfy the severity element of an IIED claim. *See Harris*, 624 S.E.2d at 34. Indeed, allegations of distress including "nightmares, difficulty sleeping, extreme loss of self-esteem and depression"—even those requiring "psychological treatment and counseling"—as well as allegations of "mortification, humiliation, shame, disgrace, and injury to reputation" do not suffice. *Id.*

Accordingly, the Court should dismiss Count 3 for failure to state a claim. *See Mattison v. United States*, No. 20-cv-111, 2021 WL 3861597, at *11 (E.D. Va. Aug. 30, 2021) (dismissing IIED claim where the plaintiff "ha[d] not alleged sufficient facts to show that the conduct at issue rose to the [required] level of outrageousness" and "ha[d] not alleged sufficient facts to show that his alleged emotional distress reached the requisite level of severity").

### D. The Court should dismiss Varitimos's claims for negligence (Count 4), gross negligence (Count 5), and NIED (Count 7).

Under Virginia law, "where conduct is merely negligent, not willful, wanton, or vindictive, and physical impact is lacking, there can be no recovery for emotional disturbance alone." *Hughes*

7

*v. Moore*, 197 S.E.2d 214, 219 (Va. 1973).  But "where the claim is for emotional disturbance *[a]nd physical injury resulting therefrom*, there may be recovery for negligent conduct, notwithstanding the lack of physical impact." *Id.* (emphasis added).  Put another way, to state a claim for negligence (other than willful-and-wanton negligence), the plaintiff must "allege either a contemporaneous physical injury, or a physical injury resulting from the [emotional distress] caused by [the defendant's] negligence." *Elrod v. Busch Entertainment Corp.*, No. 09-cv-164, 2010 WL 5620918, at *7 (E.D. Va. Dec. 14, 2010), *report and recommendation adopted*, 2011 WL 166316 (E.D. Va. Jan. 19, 2011).[2]

Varitimos does not claim that he suffered a contemporaneous physical injury—i.e., that the TSA officers physically impacted him during their alleged encounter.  For instance, he does not claim that the officers ever grabbed, hit, pulled, or pushed him.  Varitimos claims, instead, that they "harassed, humiliated, and degraded him," and that he subsequently experienced emotional distress.  Doc. No. 1 at 6 ¶ 38.  Thus, to state a claim for negligence, gross negligence, or NIED, Varitimos needed to allege that he suffered a physical injury resulting from this emotional distress.

Varitimos claims that his emotional distress resulted in "physical injury, including panic, anxiety, and insomnia." *Id.* at 13 ¶ 86.  But, under Virginia law, conditions such as panic, anxiety, and insomnia constitute "symptoms" and "manifestations" of emotional distress—not physical injuries resulting from emotional distress. *Myseros v. Sissler*, 387 S.E.2d 463, 466 (Va. 1990).  "[T]he plaintiff must allege and prove that he suffered a physical injury that differs from the symptoms of an emotional disturbance, not . . . a physical ailment caused by emotional distress."

---

[2] This requirement applies to claims for negligence, gross negligence, and NIED, but not IIED or willful-and-wanton negligence. *See Lynch v. A and A Executive Transportation Services, Inc.*, No. 24-cv-00081, 2025 WL 1085796, at *8 n.4 (W.D. Va. Apr. 10, 2025).

8

*Klar v. Federal Nat. Mortg. Ass'n*, No. 13-cv-00462, 2014 WL 412533, at *7 (E.D. Va. Feb. 3, 2014). And, as the United States District Court for the Western District of Virginia (Yoon, J.) recently explained, anxiety, insomnia, and panic attacks "are precisely the types of impairments" that Virginia courts "have classified as 'typical symptoms of an emotional disturbance'"—as opposed to physical injuries resulting from emotional distress. *Lynch v. A and A Executive Transportation Services, Inc.*, No. 24-cv-00081, 2025 WL 1085796, at *9 (W.D. Va. Apr. 10, 2025) (citing cases).

Varitimos has failed to allege a physical injury resulting from his emotional distress—as opposed to symptoms and manifestations of his emotional distress. The Court should therefore dismiss Counts 4, 5, and 7 for failure to state a claim. *See, e.g.*, *Spillman v. United States*, No. 23-cv-00540, 2025 WL 896461, at *5 (W.D. Va. Mar. 24, 2025) (dismissing negligence claim where plaintiff "fail[ed] to allege a physical injury resulting from her emotional distress"); *McClary v. Greyhound Lines, Inc.*, No. 17-cv-00098, 2017 WL 3725992, at *3 (W.D. Va. Aug. 29, 2017) (dismissing negligence claim where alleged "ailments [were] more properly classified as symptoms of an underlying emotional disturbance . . . rather than a physical injury").

## IV.   CONCLUSION

The Court should dismiss Varitimos's claims for assault (Count 1), false imprisonment (Count 2), IIED (Count 3), negligence (Count 4), gross negligence (Count 5), and NIED (Count 7).

Respectfully submitted,

LEAH B. FOLEY
United States Attorney

Dated: August 11, 2025          By:     */s/ Michael L. Fitzgerald*
                                        MICHAEL L. FITZGERALD
                                        Assistant United States Attorney
                                        U.S. Attorney's Office
                                        1 Courthouse Way, Ste. 9200
                                        Boston, MA 02210
                                        (617) 748-3266
                                        michael.fitzgerald2@usdoj.gov

## CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants.

                                        */s/ Michael L. Fitzgerald*
                                        MICHAEL L. FITZGERALD
                                        Assistant U.S. Attorney

Dated:  August 11, 2025